UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAMES D. KONCAK and <br> JUDI K. KONCAK, <br>     Plaintiffs, <br> <br> v. <br> <br> DEUTSCHE BANK NATIONAL <br> TRUST and OCWEN LOAN <br> SERVICING, LLC, <br>     Defendants | § <br> § <br> § <br> § <br> §    CIVIL CASE NO. 3:16-CV-1507-L-BK <br> § <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Standing Order of Reference*, Doc. 5, this cause is before the undersigned for a recommendation on Defendants' *Motion to Dismiss Plaintiffs' First Amended Complaint*, Doc. 13, and Plaintiffs' *Motion for Leave to File Second Amended Complaint*, Doc. 16. For the reasons that follow, it is recommended that Defendants' motion be **GRANTED** and Plaintiffs' motion be **DENIED**.

   **A. Procedural History**

Plaintiffs commenced this action in state court in May 2016, asserting that Defendants' attempts to foreclose on their residence were barred by the statute of limitations. Doc. 1-3 at 1, 4-7. They sought a declaratory judgment to the effect that they were the sole owners of the subject property. Doc. 1-3 at 6-7. Defendants removed the action to this Court based on diversity jurisdiction. Doc. 1 at 3-5. Once in federal court, Plaintiffs filed the operative amended complaint. Doc. 12. Therein, Plaintiffs assert that the note for the mortgage loan on their residence was accelerated in May 2009, but Defendants (1) did not expressly abandon the May 2009 acceleration of the note; and (2) posted Plaintiffs' home for foreclosure more than six

years later, in violation of the four-year statute of limitations. Doc. 12 at 8-10. Plaintiffs sought a declaratory judgment, an accounting, and damages. Doc. 12 at 11-13. Defendants have moved to dismiss Plaintiffs' amended complaint. Doc. 13. Plaintiffs now seek leave to file a second amended complaint to correct what appear to be essentially scrivener's errors, although they have not included with their motion a copy of the proposed amended complaint. Doc. 16.

### B. Applicable Law

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

Federal Rule of Civil Procedure 15(a) dictates that a trial court should freely grant a party leave to amend a complaint when justice requires, and the language of the rule "evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citation omitted). In deciding whether to grant a motion to amend, the court may consider a variety of factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Id.* (quoting *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005)). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.*

### C. Parties' Arguments and Analysis

Defendants argue, in relevant part, that Plaintiffs' claims are barred by res judicata because this Court previously dismissed an earlier case of theirs based on res judicata, which in turn stemmed from a state case involving the same subject matter (the "State Action"). Doc. 14 at 6, 16-18; *James D. Koncak and Judi K. Koncak v. Deutsche Bank National Trust, as Trustee for GSAMP Trust 2006-FM2 Mortgage Pass-Through Certificates, Series 2006-FM2, Mortgage Electronic Registration Systems, Inc., and Ocwen Loan Servicing, LLC*, No. 14-CV-3289-B, 2015 WL 11120868, at *6 (N.D. Tex. Nov. 13, 2015) (Boyle, J.) (the "Federal Action").

Federal common law governs the claim preclusive effect of a dismissal by a federal court exercising diversity jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under federal common law, a federal diversity judgment must be accorded the same preclusive effect as the state courts would in the state where the federal court sits. *Id.* Thus, the Court must turn to Texas law to ascertain the preclusive effect that a state court would give to the judgment in the Federal Action. *EEOC v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007)

Texas courts have embraced the "transactional approach to res judicata," where "a subsequent suit is barred if it arises out of the same subject matter as a previous suit, and the matter could have been litigated in the prior suit." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 756 (5th Cir. 1996); *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Stated differently, "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Daccach*, 217 S.W.3d at 449. The three prerequisites to applying res judicata are "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or

those in privity with them; and (3) a second action [or in the instant case, third action] based on the same claims that were raised or could have been raised in the first action." *Id.*

As relevant here, Plaintiffs filed the Federal Action in this Court against the current Defendants, alleging fraud in the transfer of Plaintiffs' Note and Deed of Trust on the subject property. *Koncak v. Deutsche Bank, et al.*, 2015 WL 11120868. They sought declaratory relief and a stay of the impending foreclosure sale. *Id.* at 1. Defendants moved for summary judgment based on the res judicata effect of Plaintiffs' State Action. *Id.* at *2. The Court granted judgment in favor of Defendants, finding in pertinent part that the Federal Action and State Action arose out of the same subject matter and otherwise satisfied the applicable res judicata prerequisites. *Id.* at *4-5.

The instant case also arose out of the same subject matter as the Federal Action and involved the same Defendants. *See Daccach*, 217 S.W.3d at 449. In both cases, Plaintiffs challenged Defendants' attempts to foreclose on their residence. In the instant case, Plaintiffs argue that Defendants were barred by the statute of limitations from attempting to foreclose, and seek a declaratory judgment that they are the sole owners of the subject property. Doc. 1-3 at 1, 4-7. Although the Federal Action did not involve an allegation that limitations barred foreclosure, there is no apparent reason why Plaintiffs could not have raised the argument at that time as it involved events that occurred prior to the commencement of the Federal Action. Doc. 12 at 410 (alleging actions that took place from April 1999 to the date of filing of the State Action); *Daccach*, 217 S.W.3d at 449. Consequently, Plaintiffs' complaint should be dismissed with prejudice as barred by res judicata. Moreover, because Plaintiffs seek leave to amend their complaint to correct only non-substantive scrivener's errors, their request to amend their complaint a second time should be denied. For the reasons explained herein, granting leave to

amend simply would be futile.  See *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

   **D.  Conclusion**

For the reasons set forth above, it is recommended that Defendants' *Motion to Dismiss*, Doc. 13, be **GRANTED**.  Plaintiffs' *Motion for Leave to File a Second Amended Complaint*, Doc. 16 should be **DENIED**.

   **SO RECOMMENDED** on January 6, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE