IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES D. KONCAK and** § <br> **JUDI K. KONCAK,** § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> **DEUTSCHE BANK NATION TRUST** § <br> **COMPANY,** *as Trustee for GSAMP* § <br> *Trust 2006-FM2, Mortgage Pass-Through* § <br> *Certificates, Series 2006-FM2* **and** § <br> **OCWEN LOAN SERVICING, LLC,** § <br> § <br> Defendants. § | Civil Action No. **3:16-CV-1507-L** |

## ORDER

Before the court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 13), filed August 1, 2016; and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 16), filed August 4, 2016. On January 6, 2017, United States Magistrate Judge Renée Harris Toliver entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, deny Plaintiffs' Motion for Leave to File Second Amended Complaint to correct nonsubstantive scrivener's errors, and dismiss with prejudice this action as barred by res judicata. Plaintiff filed objections to the Report, to which Defendant responded.

Plaintiffs object to the magistrate judge's conclusion that this action is barred by res judicata, but they do not object to the magistrate judge's recommendation that the court should deny their request to further amend their pleadings. Plaintiffs contend that an exception to the application of res judicata under Texas law applies to this case because they requested declaratory relief in their

prior federal action. Defendants respond that the exception does not apply because it involves nonsubstantive Texas law under the Texas Declaratory Judgment Act or is inapplicable to the facts of this case.

Even assuming that Texas law regarding this exception applies, the court agrees with Defendants that Plaintiffs' claims in this case do not fall within the exception because, although Plaintiffs previously sought declaratory relief in their prior state action, which was removed to federal court and assigned the Civil Case Number 3:14-CV-3289-B ("Prior Action"), they did not bring the current action to enforce a prior declaratory judgment and could not have done so because Plaintiffs did not obtain the declaratory relief they sought in the Prior Action. Instead, Plaintiffs' Prior Action and request for a declaratory judgment were dismissed with prejudice. The cases cited by Plaintiff are, therefore, distinguishable. Further, under Texas law, a dismissal with prejudice is considered an adjudication on the merits for purposes of res judicata. *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 653 (Tex. 2009) (orig. proceeding).

Moreover, as noted by the magistrate judge, while the bases for Plaintiffs' requests for declaratory relief in the current action and Prior Action are not identical, both actions involve the same parties and subject matter—whether Defendants have authority to enforce the lien on the property in question through foreclosure. In their Prior Action, Plaintiffs alleged that the lien was invalid due to fraud in the transfer of the note and deed of trust. In this case, Plaintiffs allege that the lien is unenforceable and Defendants no longer have authority to foreclose on the property as a result of Texas's four year statute of limitations applicable to acceleration of real property liens.[1]

---

[1] In their Verified First Amended Complaint for Declaratory Judgment, Plaintiffs state in conclusory fashion, "As a direct and proximate result of Defendants['] actions, frivolous collection activities in violation of FDCPA and MOOT application for frivolous lawsuit for foreclosure, Koncaks have suffered damages." Pls.' Am. Compl. ¶ 43. No separate facts are alleged by Plaintiffs to support a claim under the Federal Debt Collection Practices Act ("FDCPA"); rather, this allegation is premised solely on Plaintiffs' contention that Defendants lacked authority to enforce the lien and

In their pleadings, Plaintiffs allege that the four-year limitations period expired in January 2014. In response to Defendants' motion to dismiss, they contend that limitations expired in May 2013. Plaintiffs' Prior Action was originally brought in state court on August 27, 2014, and the removed action was not dismissed until November 13, 2015. Thus, their request for declaratory judgment that the lien is no longer enforceable due to expiration of the limitations period in either May 2013 or January 2014 could have been asserted in the Prior Action, as this claim became ripe before Plaintiffs filed the Prior Action and remained ripe during the pendency of the Prior Action.

Under Texas law, "[r]es judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, *as well as related matters that, with the use of diligence, should have been litigated in the prior suit. . . . The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery*." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed.*, 837 S.W.2d 627, 629 (Tex. 1992) (emphasis added) (citations omitted). This is the third action by Plaintiffs to avoid foreclosure. Plaintiffs also initiated bankruptcy proceedings in an attempt to avoid or delay foreclosure. Dismissing with prejudice this action under the doctrine of res judicata serves the purpose and policies of that doctrine because, with the exercise of diligence, the basis for the declaratory judgment sought by Plaintiffs in this action could have and should have been raised and litigated in the prior suit, and Plaintiffs do not provide any valid justification for failing to raise the claim in the Prior Action. *See id.* As the court agrees with the magistrate judge's recommendation that Plaintiffs' claims in this action are barred by res judicata and, therefore, fail as a matter of law, Plaintiffs' other objections as to whether they are entitled to

---

foreclose on the property due to expiration of the statute of limitations. The magistrate judge's and this court's analysis regarding res judicata, therefore, apply with equal force to any claim by Plaintiffs under the FDCPA.

the declaratory relief sought and whether they should be allowed to proceed with their request for declaratory judgment in this case are of no moment and do not provide a basis for rejecting the Report.  For the same reason, Plaintiffs' request to amend their pleadings to correct nonsubstantive errors would be futile and unnecessarily delay the resolution of this litigation.  Accordingly, Plaintiffs will not be allowed to further amend their pleadings.

Having reviewed the motion, briefs, pleadings, record in this case, and Report, and having conducting a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Plaintiffs' objections, **grants** Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 13), **denies** Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 16), and **dismisses with prejudice** this action.  The court will enter judgment in favor of Defendants by separate document, as required, pursuant to Rule 58 of the Federal Rules of Civil Procedure.[2]

**It is so ordered** this 8th day of February, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[2] In their motion to dismiss this action, Defendants noted that Defendant Deutsche Bank was incorrectly sued as "Deutsche Bank National Trust" instead of "Deutsche Bank National Trust Company." To avoid confusion or further unnecessary litigation, the court clarifies that this order and the judgment that the court will enter both apply to Plaintiffs' claims in this case, whether against "Deutsche Bank National Trust" or "Deutsche Bank National Trust Company."

Order – Page 4