UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES D. KONCAK and <br> JUDI K. KONCAK, <br>     Plaintiffs, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL <br> TRUST and OCWEN LOAN <br> SERVICING, LLC, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL NO. 3:16-CV-1507-L-BK |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to District Judge Lindsay's *Order of Reference*, Doc. 29, the Court now considers Plaintiffs' *Motion for Extension of Time to File Plaintiffs' Notice of Appeal*, Doc. 26. For the reasons that follow, the motion should be **GRANTED**.

**A. Background**

Final judgment was entered in this case on February 8, 2017. Doc. 25. Accordingly, Plaintiffs had until March 10, 2017 to file their notice of appeal. FED. R. APP. P. 4(a)(1). On March 16, 2017, Plaintiffs filed the instant motion, arguing that they can show excusable neglect for not timely filing their notice of appeal. Doc. 26 at 2. In particular, they claim that they inadvertently failed to timely file their notice of appeal because they (1) misinterpreted Rule 4(a) in calculating the 30-day deadline; (2) were unaware that they could move for an extension of the deadline; (3) relied on non-professional advice in regard to the deadline; and (4) are struggling with their business operations. Doc. 26 at 3.

Defendants oppose Plaintiffs' request, first because Plaintiffs failed to confer with them before filing the motion. Doc. 27 at 1-2. On the merits, they argue that the Court should deny

Plaintiffs' motion because they have not adequately demonstrated excusable neglect. Doc. 27 at 2-4.

**B. Applicable Law**

A notice of appeal in a civil case must be filed with the district clerk "within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). However, a district court may extend the time for filing a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A). The Rules of Procedure further provide that "[n]o extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." FED. R. APP. P. 4(a)(5)(C).

In determining whether a party has made a showing sufficient to warrant an extension of time, the Court considers "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012) (internal quotation marks omitted).

**C. Analysis**

Plaintiffs filed the instant motion six days after the 30-day time period prescribed by Rule 4(a) had expired. Accordingly, they are eligible for an extension under Rule 4(a)(5)(A). Considering the factors Plaintiffs described, coupled with the short delay in their filing the motion for an extension, the Court finds that Plaintiffs have sufficiently demonstrated excusable

neglect. *Salts*, 676 F.3d at 474; *see also Davis v. Valdez*, No. 12-CV-2013-L at Doc. 67 & Doc. 71 (granting motion for an extension of time to file a notice of appeal where the movant had been transferred to a different prison prior to the entry of judgment and the delay in filing was seven days); *United States v. McLemore*, 12-CR-00427-L at Doc. 769 (granting motion for an extension of time where the movant did not understand the technical requirements for filing a notice of appeal). The Court further finds no indication that Defendants would be prejudiced if the motion is granted. *Salts*, 676 F.3d at 474. Finally, it does not appear that Plaintiffs have acted in bad faith. *Id.* Thus, Plaintiffs should be granted an extension of time to file their notice of appeal.

### D. Conclusion

For the foregoing reasons, Plaintiffs' *Motion for Extension of Time to File Plaintiffs' Notice of Appeal*, Doc. 26, should be **GRANTED**.

**SO RECOMMENDED** on May 24, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE